UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RHODA KAMENS, et al.,<br><br>               Plaintiffs,<br><br>    v.<br><br>HOLLAND AMERICA LINE, INC., et al.,<br><br>               Defendants. | CASE NO. C09-1074JLR<br><br>ORDER ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

## I.    INTRODUCTION

This matter comes before the court on Defendants Holland America Line, Inc., HAL Antillen N.V., and Holland America Line N.V.'s (collectively, "HAL") motion for partial summary judgment (Dkt. # 10). HAL seeks summary judgment on the following claims: (1) Plaintiff Rabbi Sylvan Kamens's claim for loss of consortium; (2) Rabbi Kamens's claim for physical injuries sustained while caring for his wife, Plaintiff Rhoda Kamens; and (3) the Kamenses' claims for wages foregone by Rabbi Kamens while he

ORDER- 1

was caring for Mrs. Kamens.  The Kamenses did not file a response to HAL's motion.

Having considered the motion and the materials in the record, and deeming oral argument unnecessary, the court GRANTS HAL's motion for summary judgment (Dkt. # 10).

## II. BACKGROUND

In October 2008, Rabbi and Mrs. Kamens were guests aboard the M/S Westerdam, a cruise ship traveling from Seattle, Washington, to Fort Lauderdale, Florida.  On October 14, 2008, Mrs. Kamens fell and injured her knee on the Hydro Pool deck of the ship.  (Harris Decl. (Dkt. # 19) Ex. A.)  At the time, the M/S Westerdam was sailing in international waters.  (*Id.* ¶ 6.)  On July 28, 2009, the Kamenses filed a complaint against HAL, the ship's owner/operator, seeking damages resulting from HAL's alleged negligence.  (Compl. (Dkt. # 1) at 3-5.)  Specifically, the complaint includes demands for pecuniary, physical, and emotional damages allegedly suffered by Mrs. Kamens, as well as a demand for loss-of-consortium damages allegedly suffered by Rabbi Kamens.  (*Id.* at ¶¶ 21-23.)

On November 18, 2009, the Kamenses responded to HAL's first set of discovery requests. In response to Interrogatory No. 3, the Kamenses stated:

> Plaintiff Sylvan Kamens did not sustain any physical injuries on Defendant's vessel.  As a result of caring for Rhoda [Kamens,] however, he did sustain some shoulder pain which is set forth below.

(Shields Decl. (Dkt. # 11) Ex. B at 3.)  Additionally, in response to Interrogatory No. 17, the Kamenses stated:

> Because of Rhoda Kamens' injury, Sylvan Kamens, her husband who is a

> Rabbi has been unable to take any additional interim rabbi positions which he has done in the past and expected to do in the coming period. His annual salary for those positions averaged $130,000 per annum plus benefits.

(*Id.* at 9.)

HAL now seeks summary judgment dismissal of Rabbi Kamens's claims, which HAL characterizes as follows: (1) a claim for loss of consortium; and (2) a negligence claim for physical injuries sustained while caring for Mrs. Kamens. HAL also seeks summary judgment with respect to the Kamenses' claims for Rabbi Kamens's lost wages. HAL correctly notes that of the claims addressed in its motion, only Mr. Kamens's claim for loss of consortium and Mrs. Kamens's claim for damages were stated in the complaint. (Mot. at 2 n.1.)

### III.   ANALYSIS

**A.   Summary Judgment Standard**

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits," when viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. County of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007). The moving party bears the initial burden of showing there is no genuine issue of material fact and that he or she is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. Although the court's local rules provide that "if a party fails to file papers in opposition to a motion, such failure may be considered by the court

1  as an admission that the motion has merit," Local Rules W.D. Wash. CR 7(b)(2), the

2  court must, nevertheless, determine whether HAL has met its initial burden to show that

3  it is entitled to summary judgment, *see Martinez v. Stanford*, 323 F.3d 1178, 1183 (9th

4  Cir. 2003).

5  **B.     Rabbi Kamens's Claim for Loss of Consortium**

6        HAL contends that Rabbi Kamens's loss-of-consortium claim should be dismissed

7  because it is not cognizable under general maritime law.  (Mot. at 4.)  General maritime

8  law does not recognize a claim for loss of consortium when the injury giving rise to the

9  claim occurred outside of state territorial waters, that is, beyond three nautical miles from

10 the United States shore.  *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1407 (9th Cir.

11 1994) (citing *Sutton v. Earles*, 26 F.3d 903, 915 (9th Cir. 1994)).  Here, the Kamenses

12 concede that Mrs. Kamens's injury occurred outside of state territorial waters.  (Waechter

13 Decl. (Dkt. # 20) at 2.)  Thus, Mrs. Kamens's injury does not give rise to a cognizable

14 loss-of-consortium claim under general maritime law, and HAL is entitled to prevail as a

15 matter of law with respect to Rabbi Kamens's claim.  *See Celotex*, 477 U.S. at 323.  The

16 court therefore grants HAL's motion for summary judgment with respect to Rabbi

17 Kamens's loss-of-consortium claim.

18 **C.     Rabbi Kamens's Claim for Physical Injuries**

19       HAL contends that it is not liable for physical injuries that Rabbi Kamens

20 allegedly sustained while caring for Mrs. Kamens.  Specifically, HAL contends that it

21 owed no duty to Rabbi Kamens while he was rendering such care.

22       To recover for negligence, Rabbi Kamens must establish four elements: (1) duty;

(2) breach; (3) causation; and (4) damages. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1070 (9th Cir. 2001). Summary judgment is appropriate if the court concludes that HAL owed no duty to Rabbi Kamens. *See* 1 DAN B. DOBBS, THE LAW OF TORTS § 149 (2001); *see also Sutton*, 26 F.3d at 912 n.8 ("The question of the existence of a duty is a matter of law . . . in maritime law, just as it is in the common law of torts.").

      A ship owner owes those aboard its vessel a duty of "reasonable care under the circumstances of each case." *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959). Because a ship owner's duty depends on the circumstances, it "may be a very high degree of care [or] something less." *Catalina Cruises, Inc. v. Luna*, 137 F.3d 1422, 1425 (9th Cir. 1998) (quoting *Rainey v. Paquet Cruises, Inc.*, 709 F.2d 169, 170-71 (2d Cir. 1983)). Factors the court should consider in determining the scope of HAL's duty to Rabbi Kamens include: (1) whether the danger Rabbi Kamens encountered was peculiar to maritime travel; (2) HAL's degree of control over Rabbi Kamens; and (3) HAL's ability to take appropriate precautions to protect Rabbi Kamens. *See Smith v. S. Gulf Marine Co. No. 2, Inc.*, 791 F.2d 416, 421 (5th Cir. 1986); *see also Kirk v. Holland Am. Line, Inc.*, 616 F. Supp. 2d 1101, 1104-05 (W.D. Wash. 2007) ("The 'totality of the circumstances' . . . includes such factors as whether Plaintiffs had any clear alternatives and whether they were still being controlled by the cruise ship . . . ."); *In re Catalina Cruises, Inc.*, 930 F. Supp. 1384, 1391 (C.D. Cal. 1996) (citing *Smith*, 791 F.2d at 421).

      Considering these factors, and applying them to the facts viewed in the light most favorable to Rabbi Kamens, the court concludes that HAL had no duty to protect Rabbi

ORDER- 5

Kamens from physical injuries sustained while caring for Mrs. Kamens. Rabbi Kamens's alleged injuries occurred after he disembarked from the M/S Westerdam; they did not result from dangers peculiar to maritime travel. He voluntarily undertook to care for Mrs. Kamens; HAL did not control this decision. Finally, HAL had little ability to protect Rabbi Kamens from injury after he disembarked from its vessel and returned home.

Because HAL had no duty to protect Rabbi Kamens while he cared for Mrs. Kamens, HAL is entitled to prevail as a matter of law with respect to Rabbi Kamens's negligence claim. Accordingly, the court grants HAL's motion for summary judgment with respect to Rabbi Kamens's claim for injuries he allegedly sustained while caring for Mrs. Kamens.

**D.    The Kamenses' Claims for Rabbi Kamens's Lost Wages**

HAL contends that neither Rabbi nor Mrs. Kamens is entitled to recover Rabbi Kamens's lost wages. (Mot. at 6-7.) Because Rabbi Kamens has alleged no viable claims arising from HAL's conduct, HAL is not liable to Rabbi Kamens for damages. Accordingly, the court grants summary judgment in HAL's favor to the extent that Rabbi Kamens seeks damages for wages foregone while caring for Mrs. Kamens.

As to Mrs. Kamens, HAL contends that her recovery must be based on the reasonable value of necessary care, not on the amount of wages foregone by Rabbi Kamens. HAL does not identify any maritime cases that squarely address whether a plaintiff may recover wages foregone by his or her spouse, nor has the court found any in its own research. The court may, however, look to traditional common law for guidance. *See E. River S.S. Corp. v. Transamerica Delaval*, 476 U.S. 858, 864-65 (1986) ("Drawn

from state and federal sources, the general maritime law is an amalgam of traditional common-law rules, modifications of those rules, and newly created rules."); *see also Royal Ins. Co. of Am. v. Sw. Marine*, 194 F.3d 1009, 1015 (9th Cir. 1999) ("[T]he court 'look[s] to the common law in considering maritime torts.'" (quoting *Su v. M/V S. Aster*, 978 F.2d 462, 472 (9th Cir. 1992))).

After reviewing the cases that have addressed the issue, the court is persuaded to adopt the majority rule: Mrs. Kamens may recover, if proven, the reasonable value of the care provided by Rabbi Kamens, but not Rabbi Kamens's lost wages. *See, e.g., Rios v. Bigler*, 847 F. Supp. 1538, 1547 (D. Kan. 1994) (applying Kansas law); *Jackson v. U.S.*, 526 F. Supp. 1149, 1154 (D. Ark. 1981), *aff'd*, 696 F.2d 999 (8th Cir. 1982) (applying Arkansas law); *Rodriguez v. Bethlehem Steel Corp.*, 525 P.2d 669, 687 (Cal. 1974); *Armstrong v. Onufrock*, 341 P.2d 105, 107 (Nev. 1959). *But see Baltazar v. Neill*, 364 S.W.2d 846 (Tex. Civ. App. 1963) (allowing jury to consider wages foregone as evidence of the value of wife's services). The court agrees that "[t]he only practical way for courts to value a family member's care is to determine the economic value as if the care had been provided by a nonfamily member." *Hutchings v. Childress*, 895 N.E.2d 520, 526 (Ohio 2008). The court therefore grants summary judgment in HAL's favor to the extent that Mrs. Kamens seeks damages for wages foregone by Rabbi Kamens while he cared for her.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS HAL's motion for partial summary judgment (Dkt. # 10).

Dated this 12th day of May, 2010.

　　　　　　　　　　　　　　　　　　　／s／ James L. Robart  
　　　　　　　　　　　　　　　　　　　JAMES L. ROBART  
　　　　　　　　　　　　　　　　　　　United States District Judge

ORDER- 8